**Hae LEE, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–71660.**

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Sept. 14, 2009.*

Filed Oct. 1, 2009.

Christopher G. Weston, Western Law Connection Corporation, Los Angeles, CA, for Petitioner.

District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, John P. Devaney, James A. Hunolt, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Hae Lee, a native and citizen of Korea, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") removal order, and denying his motion to remand. Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing questions of law de novo, *Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003), we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Lee's contentions that he was denied due process by the IJ's refusal to grant him an additional continuance to obtain counsel and by his previous removal without prior notice to his former counsel because he failed to

raise these claims before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (noting that due process challenges that are "procedural in nature" must be exhausted).

We lack jurisdiction to review Lee's September 6, 2002, removal order because this petition for review is not timely as to that order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003).

The BIA properly concluded that Lee was not eligible for cancellation of removal by virtue of his removal from the United States on September 10, 2004. *See* 8 U.S.C. § 1229b.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

